[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a limited contested dissolution matter. Both parties were represented by counsel and, by agreement, the defendant proceeded on his counterclaim. Certain financial issues are the essential areas of disagreement between the parties. The Court has considered the standards of § 46b-81 in its determination of its orders, which are as follows: CT Page 9703
The parties intermarried on May 3, 1974 and the parties have resided within Connecticut for more than one year preceding the filing of the complaint.
At the time of the marriage the plaintiff had an eight year old son from a previous relationship who was thereafter adopted by the defendant. That child is now approximately twenty-eight years of age. There were two children born to the plaintiff since the date of marriage; a daughter, Shannon Moore born on March 29, 1976 who is now eighteen years of age and a son Michael Moore, born on April 12, 1978, now sixteen years of age.
There are several areas of discord between the parties, the principle one being the wife's intense involvement with her church (although there is also discord as to familial relationships).
The defendant became depressed about what he perceived to be his wife's total absorption with the teachings and activities of her church to the point where he required psychological counseling. Eventually he was admitted to the Elmcrest Hospital for approximately three weeks. As he recovered from that episode he realized he could not return to the marital home without again deteriorating. Thus the parties have lived separately and apart since May 1993 when the defendant was discharged from the Elmcrest facility.
The Court finds the marriage is irretrievably broken down and orders a dissolution of the marriage accordingly.
The following orders are entered:
 1. The parties shall have joint custody of the minor child. Primary residence shall be with the plaintiff and the defendant shall have reasonable visitation.
 2. The defendant shall pay weekly child support in the amount of $144.00 for said minor child, Michael, which is in substantial compliance with the child support guidelines. A contingent wage garnishment is ordered.
 3. The defendant will provide medical insurance as is available through his employment for the benefit of said child for as long as the child CT Page 9704 is eligible, regardless of the age of the child. The parties shall share equally the cost of unreimbursed medical and dental expenses for said child. The provisions of § 46b-84c shall apply.
 4. The defendant shall quit-claim his interest in the family home located at 46 Cummings Street, East Hartford, Connecticut to the plaintiff. The plaintiff shall assume responsibility for the first mortgage to Source One, and for 2 subsequent mortgages in the nature of home improvement loans to the Peoples Bank and to the CHFA. She shall assume responsibility for taxes and insurance on said property and shall hold the defendant harmless from the aforesaid liabilities. The defendant shall assume responsibility for a mortgage in the amount of $25000 to R.L. Moore, and shall hold the plaintiff harmless from that obligation. The property has an estimated value of $125000 while the balance of the 3 mortgages being assumed by the plaintiff total approximately $87000, resulting in approximately $38000 of equity to the plaintiff.
 5. The defendant shall assign one half of his deferred compensation plan with Aetna Life Insurance and Annuity Company to the plaintiff.
 6. The defendant shall, by way of lump sum alimony, pay the plaintiff the sum of $10000 within thirty days of judgment.
 7. Periodic alimony is not awarded. The plaintiff is a self-employed licensed day care provider and does not appear to require rehabilitative alimony. She testified that she could maintain the house payments as required by paragraph 4 herein. In its award of $10000 by way of lump sum payment, the plaintiff will have funds more immediately available at her disposal. In view of the orders concerning distribution of assets, the CT Page 9705 Court believes its orders in this regard to be fair and equitable to both parties.
 8. The defendant shall be entitled to take the minor child as a dependent for state and federal tax purposes, as long as he is current in his support payments. It appears that the tax advantage to the defendant will be substantially greater to the defendant than it would be to the plaintiff by this provision.
 9. The plaintiff shall keep the miscellaneous furniture and household items presently in her possession. (Both parties value these items at $9000.)
 10. The parties shall be responsible for the debts shown on their respective financial affidavits and shall be responsible for their own attorney's fees.
Klaczak, J.